No. 34,953

The State of Kansas, ex rel. Arthur J. Stanley, Jr., County Attorney of Wyandotte County, *Plaintiff*, v. The Board of County Commissioners of the County of Wyandotte, *Defendants*.

(105 P. 2d 908)

Opinion filed October 5, 1940.

*Arthur J. Stanley, Jr.,* and *James M. Scott,* both of Kansas City, for the plaintiff.

*George H. West* and *Russell C. Hardy,* both of Kansas City, for the defendants.

The opinion of the court was delivered by

Hoch, J.: An early decision being needed, this case was considered soon after the oral argument and brief announcement made in an opinion filed on July 6, 1940 (*ante*, p. 440). The issues, there noted, need not be restated, but in conformity with the announcement, this more complete statement is now made.

The Twelfth street bridge over the Kaw river in Kansas City was largely destroyed by fire April 16, 1940. Thereafter, on April 17, 1940, the directors of the Kaw Valley Drainage District passed the following resolution:

"In the Matter of the Twelfth Street Bridge

"Whereas, under the laws of the state of Kansas (and subject only to the superior jurisdiction of the United States over navigable waters) the Kaw Valley Drainage District has the exclusive control of the beds, channels, banks and all lands, the title to which is vested in the state of Kansas, lying between the banks and the high water mark of all natural watercourses or navigable streams within the confines of said Kaw Valley Drainage District, and has exclusive control within its territorial limits, to widen, deepen, establish, regulate and maintain the channel of such river, and to construct and maintain such levees along the banks thereof as may be deemed necessary or proper, to prevent, or restrain, overflow, or lessen the volume thereof, or injury deemed likely to result therefrom;

" 'To prescribe, regulate and fix the height of the superstructures above the water, the length of all spans and the location of the piers of all bridges across watercourses situated in the district';

" 'To fix, regulate and change the grade or elevation of all public highways, at points where any levee may cross or intersect the same';

"And is required to do all things necessary or conducive to the public health, convenience and welfare of the inhabitants of such district; and

" 'To do all other acts that may be necessary to carry out and execute the general powers hereinbefore or hereinafter granted, although not hereinbefore specifically enumerated.'

"Whereas, By virtue of the above and foregoing powers, duties, and obligations inherent in and obligatory upon such Kaw Valley Drainage District, said Kaw Valley Drainage District, by and through its duly elected, qualified and acting directors at an emergency meeting of said Kaw Valley Drainage District, held at its offices at 719 Osage avenue, in Kansas City, Wyandotte county, Kansas, on the 17th day of April, 1940, has found, adjudged and determined:

"1. That on April 16, 1940, the Twelfth street bridge across the Kansas river in Kansas City, Wyandotte county, Kansas, was for all practical purposes destroyed by fire.

"2. That two of the center spans of the bridge have collapsed and fallen into and are now lying in the channel of the Kansas river, as a result of said fire.

"3. That the entire bridge structure has been so badly damaged and weakened by fire as to be unsafe for use.

"Whereas, Under the provisions of section 68-1405 of the General Statutes of Kansas, 1935, applicable to Wyandotte county, Kansas, it shall be the duty of the county commissioners of said county to remove, relocate, reconstruct, or improve certain bridges, when so ordered by the Secretary of War of the United States or the board of directors of any drainage district organized under the laws of this state under the conditions and provisions of chapter 68, article 14, General Statutes of Kansas, 1935; and

"Whereas, The presence of said spans now lying in the channel of the Kansas river constitute an emergency, flood menace and a threat to life, health and property within the confines of the Kaw Valley Drainage District; and

"WHEREAS, There is great likelihood and strong probability that the remaining portions of said bridge structure, in their present weakened state, could, may or might collapse and fall into the channel of said river, or do damage to the flood protection walls, dikes, levees, *et cetera*, and that the foregoing facts constitute an emergency, flood menace and a threat to life, health and property within the confines of the Kaw Valley Drainage District.

"Now, therefore, such Kaw Valley Drainage District directors, in special emergency meeting assembled, on the day, month and year hereinafter written and having considered the evidence, both expert and lay, touching such matters, and being well and fully advised in the premises, makes and enters its findings of fact and orders as follows, to wit:

"1. That the two center spans of said Twelfth street bridge now lying in the channel of the Kansas river constitute in truth and in fact, a flood hazard and a menace to life, health and property, and hereby orders and directs the board of commissioners of Wyandotte county, Kansas, to immediately take the necessary and statutory steps to remove said two spans from the channel of the Kansas river.

"2. That the said Twelfth street bridge be immediately removed, relocated, reconstructed or improved, as the same constitutes a flood menace and a threat to life, health and property in its present weakened and unsafe condition, all to be done and performed under and pursuant to the provisions of chapter 68, article 14, of the General Statutes of Kansas, 1935, and other laws applicable thereto.

"*Therefore, be it resolved,* That the board of county commissioners of Wyandotte county, Kansas, be and they are hereby ordered and directed to forthwith take such appropriate and immediate action as in their judgment will best remove, correct or otherwise obviate the conditions, situations, circumstances, *et cetera,* as have been hereinbefore pointed out. Namely, to immediately remove from the channel of said Kansas river the two spans now lying therein, and secondly, that they immediately remove, relocate, reconstruct, or improve said Twelfth street bridge so as to eliminate all possibility of it constituting a flood menace and a threat to life, health and property, all to be done under and pursuant to the provisions of chapter 68, article 14, of the General Statutes of Kansas, 1935, and other laws applicable thereto.

"*Be it further resolved,* That the plans, blueprints, specifications, *et cetera,* in connection with the reconstruction, raising, lengthening, repairing and otherwise rebuilding of the Twelfth street bridge by reason of such flood menace, all under and pursuant to chapter 68, article 14, of the General Statutes of Kansas, 1935, and other laws applicable thereto, be submitted as is required by law to the Kaw Valley Drainage District and to the United States army engineers for their joint inspection, examination and approval.

"Passed this 17th day of April, 1940.

"Witness the hands and seal of such district by and through its duly elected, qualified and acting directors."

Thereafter, the county commissioners of Wyandotte county caused the two center spans, which had fallen, to be removed from the river channel and took steps leading toward the reconstruction of the

bridge, at the old site, at a cost estimated in excess of $200,000, and announced their intention to issue bonds as general obligations of the county to pay the reconstruction cost. The board claims the authority to reconstruct the bridge and to issue the bonds, without submitting the question to a vote of the electors, under the provisions of G. S. 1935, 68-1401 to 68-1405, inclusive. A controversy having arisen as to their power to do so, this action was brought to determine the matter.

Questions relating to the construction or repair of bridges over the Kaw river in Wyandotte county have been before this court on several previous occasions, but no extended narration is here necessary. (See *Drainage District v. Railway Co.,* 99 Kan. 188, 161 Pac. 937; *Drainage District v. Wyandotte County,* 110 Kan. 566, 204 Pac. 723; *State, ex rel., v. Wyandotte County,* 117 Kan. 151, 230 Pac. 531.) Brief recital will suffice to make clear the instant issues.

The disastrous flood of 1903 destroyed, in whole or in part, many bridges over the Kaw river. Among them was the Twelfth street bridge in Wyandotte county, which had been originally built in 1887. At that time the bridge connected Kansas City, Kan., with Argentine, which later became a part of Kansas City. The legislature, called in special session because of the emergency, passed a special act (Laws 1903, special session, ch. 33), pertinent provisions of which read as follows:

"That the board of county commissioners of Wyandotte county, Kansas, are hereby authorized to order constructed and to contract for and construct, and to issue the bonds of said county for the cost thereof, without an election being held therein to authorize the same, the following bridges and approaches thereto across the Kansas river in the city of Kansas City as follows: . . . Also, one bridge and approaches thereto across the Kansas river at Twelfth street in said city of Kansas City, connecting said Kansas City with the city of Argentine, in said county; provided, that the cost of said bridge to said county, for the payment of which bonds are hereby authorized to be issued, shall not exceed the sum of seventy-five thousand dollars; . . . During the construction of any of said bridges within the limits of Kansas City, Kan., the supervision and control thereof shall be under the direction and authority of the said board of county commissioners and the engineers of said county, who shall superintend the construction thereof. *As soon as any of said bridges is constructed the same shall become forthwith a city bridge, and be owned by and be under the control of said city of Kansas City, subject to all the uses, contracts, liabilities and supervision as other city bridges of said city."* (Italics ours.) (§§ 1, 5.)

In 1909 the legislature enacted a rather comprehensive bridge act applicable to counties having an assessed valuation in excess of

ninety million dollars. (Laws 1909, ch. 64, now G. S. 1935, 68-1401 to 68-1405, inc., section 68-1404 embodying an amendment made by Laws 1913, ch. 68.) It is conceded that the act is applicable to Wyandotte county, the assessed valuation of which is considerably over one hundred million dollars. Pertinent provisions of that act read as follows:

"Whenever in any county having an assessed valuation for taxation purposes of over ninety million dollars the board of directors of any drainage district organized under the laws of this state, under the powers vested in them, shall prescribe, regulate or fix the height of any public bridge located within said district or the length of spans and the location of piers or abutments of any such bridge, or shall locate harbor lines for or establish the channel of any stream within such district, and shall notify and request, in writing, the board of county commissioners to change, alter or reconstruct any such bridge or bridges to conform to such harbor lines, channel or requirements; or whenever in any county the Secretary of War of the United States, or any other competent authority, shall request, order or direct, in writing, the reconstruction, raising or lengthening of any public bridge, or the spans thereof over any navigable stream, or shall request, order or direct the reconstruction or relocation of the piers or abutments of any public bridge over a navigable stream, or shall establish harbor lines or otherwise designate the channel for any navigable stream, and shall request, order or direct the reconstruction of bridges to conform thereto; the board of county commissioners of the county wherein such public bridge is located is hereby authorized and empowered to reconstruct such bridges and approaches thereto, raise, lengthen and repair such bridges, and to reconstruct, remove and relocate the abutments and piers thereof, and to improve such bridges in any other respect required, and to do any and all acts necessary to conform to such requirements, in the manner hereinafter provided, and for the purpose of paying for such improvements may issue bonds of such county without the same being authorized by any election, and subject only to the limitations contained in this act. The amount of bonds so authorized to be issued shall not exceed the actual costs of such improvements." (G. S. 1935, 68-1401.)

"It shall be the duty of the county commissioners of any county of this state to which this act applies now or hereafter having therein any public bridge or bridges over any navigable river, which bridge or bridges have been ordered or shall hereafter be ordered or required by the Secretary of War of the United States, or the board of directors of any drainage district organized under the laws of this state, in any county having an assessed valuation for taxation purposes of over ninety million dollars, to be removed, relocated, reconstructed or improved, to take possession of such bridges and to forthwith remove, relocate, reconstruct or improve the same, as may be necessary and proper, and the ownership and control of such bridges is hereby vested in such counties. . . . The provisions of this act shall apply to all public bridges, and all parts thereof, used by any street railway company or any other corporation, and to all public bridges heretofore constructed over any such river by counties, either with or without the aid, assistance or coöperation of any

street railway company or other person or corporation, and also to public bridges situated in or constructed by or under the control of any city or any other municipality. Should any relocation, change or alteration of the channel of any river by any competent authority necessitate the removal, relocation or reconstruction of bridges over the channel of such river as relocated or altered, such work shall be done and such improvements made under the provisions of this act. Bridges constructed, reconstructed, improved or relocated under the provisions of this act shall be under the control of and maintained by the board of county commissioners of the county, and such county commissioners shall also have power to contract with any city in which any such bridge is situated, or with any corporation using any such bridge, for the maintenance or repair thereof." (G. S. 1935, 68-1405.)

In 1924, after some litigation in this court (*State, ex rel., v. Wyandotte County*, 117 Kan. 151, 230 Pac. 531) and in the United States district court for the district of Kansas (*Kansas City Railways Co. v. Wyandotte County Commissioners*, Equity Case No. 339), the Twelfth street bridge was reconstructed under an order of the United States district court and upon agreement for sharing the cost between the county and the street railway company which maintained tracks across it. The cost was met from proceeds of county bonds issued without an election.

The first question presented is whether the county commissioners are precluded from taking the contemplated action, by the provisions of the act of 1903, *supra*. The first argument made by the plaintiff is that under the provisions of that act, the Twelfth street bridge became a city bridge, and that being a city bridge the county commissioners have neither the duty nor the authority to reconstruct it. Considerable attention is given in the briefs to technical analysis of the language of the statute, on the question of whether portions of the act apply to the Twelfth street bridge, since it was not at that time "within the limits of Kansas City, Kansas." As heretofore noted, it then connected Kansas City with the city of Argentine, which was taken into Kansas City a few years thereafter. We think the question requires no extended discussion. Whether the bridge was then within the city or not, the act, by its explicit terms, applied to it, and but for the provisions of the later enactment would be a city bridge. It is entirely clear, however, that the later act (G. S. 1935, 68-1401 to 68-1405, inc.) applies to Wyandotte county and to the Twelfth street bridge. It will be noted that that act applies not only to county bridges, in counties to which the act applies, but also to "public bridges situated in or constructed by or under the control of any city." Insofar as the provisions of the act of 1903 are incon-

sistent and irreconcilable with the provisions of the later enactment (G. S. 1935, 68-1401 to 68-1405, inc.) it must be held that they were thereby repealed. The latter act provides for reconstruction by the county commissioners and issuance of bonds therefor without an election, in conformity with the requirements of lawful resolution passed by the Kaw Valley Drainage District which admittedly has supervision of the Kaw river at that point.

It is urged by the plaintiff that the statutes under which the drainage district was organized (G. S. 1935, ch. 24, art. 4, and particularly 24-407) give no authority to order the construction or reconstruction of a bridge, and only empower the directors to order removal of obstructions or to establish standards of construction necessary for protection of the free flow of the stream. While the powers conferred upon drainage districts generally under the act are broad in character, we are not here confined to consideration of the provisions of that act and need not here determine the limits of the powers which it confers. The act of 1909 (G. S. 1935, 68-1401 to 68-1405, inc.), which is applicable to Wyandotte county, clearly contemplates the exercise by the drainage district of the power to require the action called for by the resolution. Whatever may be said as to the powers lodged in drainage districts generally by the act of 1905 (G. S. 1935, ch. 24, art. 4), the act of 1909 (G. S. 1935, 68-1401 to 68-1405, inc.) gives to such districts in counties to which it applies, the power to "prescribe, regulate or fix the height of any public bridge located within said district" and to notify "the board of county commissioners to change, alter or reconstruct any such bridge" and to conform to the requirements, and empowers the county commissioners "to reconstruct such bridges" and to "do any and all acts necessary to conform to such requirements" and to "issue bonds of such county without the same being authorized by any election."

It will be noted, moreover, that the resolution, *supra,* does not require the reconstruction of the bridge, but directs that the county commissioners "remove, relocate, reconstruct or improve said Twelfth street bridge so as to eliminate all possibility of it constituting a flood menace and a threat to life, health and property," and further directs that any plans for rebuilding the bridge be submitted to the drainage district and to the United States army engineers for approval. While it is true that complete removal of the old bridge

might constitute technical compliance with the resolution, it is obvious that such action alone would be wholly inadequate for serving the public interest. No one questions the public need for the reconstruction of the Twelfth street bridge.

There remains only one question to consider. It is urged that the provisions of G. S. 1935, 68-1106, preclude the reconstruction of this bridge or the issuance of bonds therefor without submitting the question to vote of the electors. It is unnecessary to recite provisions of that statute. They are explicitly made inapplicable to the instant case by a proviso which reads as follows: *"Provided,* that nothing in this section shall apply to any bridge work or bond issue therefor under the provisions of chapter 64 (68-1401 to 68-1405), Laws of 1909, as amended by Laws of 1913, chapter 68 (68-1404)."

We are not arbiters of legislative policy. Whether it was wise or unwise to make an election on proposed bond issues unnecessary in the counties and under circumstances covered by the statute is not for this court to say. For reasons which it considered sufficient, the legislature so enacted.

We conclude that the defendants are lawfully empowered, under the facts disclosed by the record, to enter into contract for the reconstruction of the Twelfth street bridge, and to issue county bonds to provide for the payment therefor without first submitting the question to a vote of the electors of the county.

Judgment for defendants, together with recovery of costs of this action.